# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF TENNESSEE
## WESTERN DIVISION

| | | |
|---|---|---|
| CEDRIC BARNETT and TIFFANY THOMAS-BARNETT, | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| vs. | ) | No. 22-1042-SHM-tmp |
| | ) | |
| JUDGE J. BLAKE ANDERSON, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

---

**ORDER DENYING MOTION FOR EXTENSION OF TIME (ECF NO. 12);
GRANTING CEDRIC BARNETT'S MOTION TO PROCEED *IN FORMA PAUPERIS*
(ECF NO. 13) AND ASSESSING THE $350.00 FILING FEE;
DISMISSING THE COMPLAINT (ECF NO. 1) WITHOUT PREJUDICE;
GRANTING LEAVE FOR CEDRIC BARNETT TO AMEND COMPLAINT;
DENYING CEDRIC BARNETT'S MOTION FOR APPOINTMENT OF COUNSEL (ECF
NO. 10);
AND DISMISSING TIFFANY THOMAS-BARNETT AS A PARTY PURSUANT TO
FED. R. CIV. P. 41(b)**

---

Before the Court are: (1) the complaint (ECF No. 1) filed by Plaintiff Cedric Barnett ("Mr. Barnett") and Plaintiff Tiffany Thomas-Barnett ("Ms. Thomas-Barnett") (collectively, the "Plaintiffs"); and (2) three motions filed by Mr. Barnett.  (ECF Nos. 10, 12 & 13.)

## I.    PROCEDURAL BACKGROUND

On March 9, 2022, the Plaintiffs filed a complaint pursuant to 42 U.S.C. § 1983.  (ECF No. 1.)

On May 24, 2022, the Court denied Mr. Barnett's motion for leave to proceed *in forma pauperis* and ordered the Plaintiffs to submit their proportionate shares of the entire civil filing fee on or before June 15, 2022.[1]  (ECF No. 9 (the "IFP Order").)

On May 25, 2022, Mr. Barnett filed his second motion for appointment of counsel.  (ECF No. 10; *see also* ECF No. 9 (denying Mr. Barnett's first motion for appointment of counsel).)

On June 23, 2022, Mr. Barnett filed a motion for extension of time pursuant to Rule 6.02 of the Tennessee Rules of Civil Procedure.  (ECF No. 12.)  Mr. Barnett's motion for extension of time does not state the basis for his motion.  (*Id.*)

On June 23, 2022, Mr. Barnett filed a motion to proceed *in forma pauperis*.  (ECF No. 13.)

For the reasons explained below: Mr. Barnett's motion to proceed *in forma pauperis* (ECF No. 13) is GRANTED; the complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE for failure to state a claim to relief; Mr. Barnett's motions for extension of time and for appointment of counsel (ECF Nos. 10 & 12) are DENIED; and Ms. Thomas-Barnett is DISMISSED as a party to the case.

## II.   **ANALYSIS**

### A.   **Motion For Extension Of Time; And Motion To Proceed *In Forma Pauperis***

Mr. Barnett's motion for extension of time is DENIED for lack of merit.  (ECF No. 12.) Mr. Barnett does not explain the basis for his extension request, Mr. Barnett does not demonstrate good cause for an extension, and Rule 6.02 of the Tennessee Rules of Civil Procedure does not govern proceedings in this Court.

---

[1]  Fed. R. Civ. P. 6 explains how deadlines are computed when applying the Federal Rules of Civil Procedure.  Saturdays, Sundays and legal holidays are not counted.  Fed. R. Civ. P. 6(a)(1)(C).  Memorial Day is defined as a "legal holiday."  Fed. R. Civ. P. 6(a)(6)(A).

Although Mr. Barnett's motion to proceed *in forma pauperis* is untimely under the terms of the IFP Order, the Court considers Mr. Barnett's motion because he is proceeding *pro se*.

To proceed *in forma pauperis*, Mr. Barnett must: (1) file the affidavit described in 28 U.S.C. § 1915(a)(1); and (2) "submit a certified copy of the trust fund account statement (or institutional equivalent) … for the 6-month period immediately preceding the filing of the complaint … obtained from the appropriate official of each prison at which the prisoner is or was confined." 28 U.S.C. § 1915(a)(2).

Mr. Barnett's motion to proceed *in forma pauperis* includes: (1) a signed Application To Proceed In District Court Without Prepaying Fees Or Costs (ECF No. 13-1 at PageID 48-49); and (2) a two-page inmate trust account statement for Mr. Barnett, covering the period March 25, 2021, through April 25, 2022.  (ECF No. 13-2 at PageID 50-51.)[2]

Under the Prison Litigation Reform Act, 28 U.S.C. §§ 1915, *et seq*. (the "PLRA"), a prisoner bringing a civil action must pay the filing fee required by 28 U.S.C. § 1914(a).  Although the obligation to pay the fee accrues at the moment the case is filed, *McGore v. Wrigglesworth*, 114 F.3d 601, 605 (6th Cir. 1997), partially overruled on other grounds by *LaFountain v. Harry*, 716 F.3d 944, 951 (6th Cir. 2013), the PLRA provides the prisoner the opportunity to make a "down payment" of a partial filing fee and pay the remainder in installments.  *Id*. at 604.  In this case, Mr. Barnett has submitted a properly completed *in forma pauperis* affidavit and a copy of his inmate trust account statement.  The motion to proceed *in forma pauperis* (ECF No. 13) is GRANTED in accordance with the terms of the PLRA.

---

[2]  Mr. Barnett's motion to proceed *in forma pauperis* also includes an application to proceed *in forma pauperis* in the United States Court of Federal Claims, which is not the proper form for use in this Court.  (ECF No. 13 at PageID 46-47.)

Pursuant to 28 U.S.C. § 1915(b)(1), it is ORDERED that Mr. Barnett cooperate fully with prison officials in carrying out this Order.  It is further ORDERED that the trust fund officer at Mr. Barnet's prison shall calculate a partial initial filing fee equal to twenty percent (20%) of the greater of the average balance in or deposits to Mr. Barnett's trust fund account for the six months immediately preceding the completion of the affidavit.  When the account contains any funds, the trust fund officer shall collect them and pay them directly to the Clerk of the Court.  If the funds in Mr. Barnett's account are insufficient to pay the full amount of the initial partial filing fee, the prison official is instructed to withdraw all of the funds in Mr. Barnett's account and forward them to the Clerk of the Court.

On each occasion that funds are subsequently credited to Mr. Barnett's account the prison official shall immediately withdraw those funds and forward them to the Clerk of Court, until the initial filing fee is paid in full.

It is further ORDERED that after the initial partial filing fee is fully paid, the trust fund officer shall withdraw from Mr. Barnett's account and pay to the Clerk of this Court monthly payments equal to twenty percent (20%) of all deposits credited to Mr. Barnett's account during the preceding month, but only when the amount in the account exceeds $10, until the entire $350 filing fee is paid.

Each time the trust fund officer makes a payment to the Court as required by this order, he shall print a copy of the prisoner's account statement showing all activity in the account since the last payment under this order and submit it to the Clerk along with the payment. All payments and accounts statements shall be sent to:

Clerk, United States District Court, Western District of Tennessee
167 North Main, Ste. 242, Memphis, TN 38103

and shall clearly identify Mr. Barnett's name and the case number as included on the first page of this order.  If Mr. Barnett is transferred to a different prison or released, he is ORDERED to notify the Court immediately, in writing, of his change of address.  If still confined, he shall provide the officials at the new facility with a copy of this order.  If Mr. Barnett fails to abide by these or any other requirements of this order, the Court may impose appropriate sanctions, up to and including dismissal of this action, without any additional notice or hearing by the Court.

The Clerk shall mail a copy of this Order to the prison official in charge of prison trust accounts at the Mr. Barnett's prison.  The Clerk is further ORDERED to forward a copy of this order to the warden of the prison to ensure that the custodian of Mr. Barnett's inmate trust account complies with that portion of the PLRA pertaining to the payment of filing fees.

### B.  **The Complaint**

The Court must screen prisoner complaints and dismiss any complaint, or any portion of it, if the complaint —

> (1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A(b); *see also* 28 U.S.C. § 1915(e)(2)(B).

In assessing whether the complaint states a claim on which relief may be granted, the Court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662, 677–79 (2009), and in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–57 (2007).  *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010).  Under those standards, the Court accepts the complaint's "well-pleaded" factual allegations as true and then determines whether the allegations "plausibly suggest an entitlement to relief."  *Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 681).  The Court does not assume that

conclusory allegations are true, because they are not "factual," and all legal conclusions in a complaint "must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.  Federal Rule of Civil Procedure 8 provides guidance on this issue.  Although Rule 8 only requires a complaint to contain "a short and plain statement of the claim showing that the pleader is entitled to relief," it also requires factual allegations to make a "'showing,' rather than a blanket assertion, of entitlement to relief." *Twombly*, 550 U.S. at 555 n.3.

Courts screening cases will accord more deference to *pro se* complaints than to those drafted by lawyers.  "*Pro se* complaints are to be held 'to less stringent standards than formal pleadings drafted by lawyers,' and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (quoting *Martin v. Overton*, 391 F.3d 710, 712 (6th Cir. 2004)).  *Pro se* litigants are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 612, 613 (6th Cir. 2011) (affirming dismissal of *pro se* complaint for failure to comply with "unique pleading requirements" and stating "a court cannot 'create a claim which [a plaintiff] has not spelled out in his pleading'" (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975))).

The Plaintiffs sue under 42 U.S.C. § 1983.  (ECF No. 1 at PageID 1.)  To state a claim under § 1983, a plaintiff must allege two elements: (1) a deprivation of rights secured by the "Constitution and laws" of the United States, and (2) that a defendant caused harm while acting under color of state law.  *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 150 (1970).

The Plaintiffs allege that Mr. Barnett was arrested on March 25, 2021, and charged with possession of a firearm, indecent exposure, aggravated assault, sexual battery, and driving on a revoked license.  (ECF No. 1 at PageID 2.)  The alleged victim gave testimony to the grand jury

6

that was inconsistent with her statement to the arresting officer on the day of Mr. Barnett's arrest. (*Id*.)   The complaint alleges that Judge J. Blake Anderson "went against court rules and procedure and bond[ed] [Mr. Barnett] over to the grand jury wrongfully."  (*Id*.)   The complaint alleges that Mr. Barnett is "incarcerated all because I have a cyst on my penis and was looking at it because it had gotten bigger and showing it to my fiancé Tiffany on a FaceTime phone call." (*Id*.)   Judge Anderson is the sole Defendant named in the complaint.  (*Id*. at PageID 1.)   The Plaintiffs seek: (1) "proper procedures" in Mr. Barnett's criminal case; (2) reinstatement of Mr. Barnett's parole; (3) Mr. Barnett's release from incarceration; and (4) one thousand dollars ($1,000.00) for each day that Mr. Barnett allegedly has sustained loss of "enjoyment of life, pain and suffering, and discrediting [of his] character."  (*Id*. at PageID 3.)

The Plaintiffs' claims against Judge Anderson are barred by judicial immunity.

The judicial immunity doctrine is expansive and provides judges with "immunity from suit, not just from ultimate assessment of damages."  *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judges, in the performance of their judicial functions, are absolutely immune from civil liability. *See Mireles*, 502 U.S. at 9-10; *Stump v. Sparkman*, 435 U.S. 349, 363 (1978); *Bright v. Gallia Cnty.*, 753 F.3d 639, 648-49 (6th Cir. 2014).  When a judge pursued the challenged conduct in the course of his judicial duties, then he is entitled to judicial immunity.  *Palazzolo v. Benson*, No. 95-1067, 1996 WL 156699, at *4 (6th Cir. April 3, 1996).  A judge will not be deprived of immunity because the action he took may have been in error, was done maliciously, or was in excess of the judge's authority.  *Mireles*, 502 U.S. at 11; *Pierson v. Ray*, 386 U.S. 547, 554 (1967).  A judge is subject to financial liability for a judicial act only when he has acted in the clear absence of all jurisdiction.  *Stump*, 435 U.S. at 356-57; *Pulliam v. Allen*, 466 U.S. 522

(1984).  A judge so acts only if the matter is clearly outside the subject matter jurisdiction of the court.  *King v. Love*, 766 F.2d 962, 965 (6th Cir.), *cert. denied*, 474 U.S. 971 (1985).

The Plaintiffs' claims against Judge Anderson are based entirely on actions that Judge Anderson took in his judicial capacity during Mr. Barnett's state criminal proceedings.  There are no facts in the complaint from which to reasonably infer that Judge Anderson's conduct in those proceedings lacked jurisdiction.  *See Mireles*, 502 U.S. at 11-12.  Presiding over criminal proceedings is within the scope of Judge Anderson's jurisdiction and precisely the circumstance in which absolute judicial immunity applies.  The Plaintiffs fail to state a cognizable claim against Judge Anderson under § 1983.  The complaint (ECF No. 1) is DISMISSED WITHOUT PREJUDICE in its entirety for failure to state a claim to relief.

### C.  Amendment Under The PLRA

The Sixth Circuit has held that a district court may allow a prisoner to amend his complaint to avoid a *sua sponte* dismissal under the PLRA.  *Lucas v. Chalk*, 785 F. App'x 288, 291 (6th Cir. 2019) (citing *LaFountain*, 716 F.3d at 951 ("[W]e hold, like every other circuit to have reached the issue, that under Rule 15(a) a district court can allow a plaintiff to amend his complaint even when the complaint is subject to dismissal under the PLRA")); *see also Brown v. R.I.*, 511 F. App'x 4, 5 (1st Cir. 2013) (per curiam) ("Ordinarily, before dismissal for failure to state a claim is ordered, some form of notice and an opportunity to cure the deficiencies in the complaint must be afforded").  Leave to amend is not required where a deficiency cannot be cured.  *Gonzalez-Gonzalez v. United States*, 257 F.3d 31, 37 (1st Cir. 2001) ("This does not mean, of course, that every *sua sponte* dismissal entered without prior notice to the plaintiff automatically must be reversed.  If it is crystal clear that ... amending the complaint would be futile, then a *sua sponte* dismissal may stand."); *Curley v. Perry*, 246 F.3d 1278, 1284 (10th Cir.

2001) ("We agree with the majority view that *sua sponte* dismissal of a meritless complaint that cannot be salvaged by amendment comports with due process and does not infringe the right of access to the courts").

The Court grants leave for Mr. Barnett to amend his claims under the conditions set forth below.  *See* Section III, *infra*.

### D.  Motion For Appointment Of Counsel

On May 25, 2022, Mr. Barnett filed his second motion for appointment of counsel because he is "unable to pay an attorney."  (ECF No. 10 at PageID 38; *see also* ECF No. 4.)

Appointment of counsel in a civil case must be justified by exceptional circumstances. *Lavado v. Keohane*, 992 F.2d 601, 606 (6th Cir. 1993).  In determining whether there are exceptional circumstances, courts examine the type of case and the plaintiff's ability to represent himself, which often requires a determination about the complexity of the factual and legal issues.  *Id*. (internal citations and quotations omitted).  Appointment of counsel is not appropriate when a *pro se* litigant's claims are frivolous or when his chances of success are slim.  *Id*.

Barnett's pending motion for appointment of counsel (ECF No. 10) suffers from the same deficiencies as Mr. Barnett's previous motion for that relief.  (ECF No. 4.)  Mr. Barnett's latest motion for counsel (ECF No. 10) does not demonstrate exceptional circumstances warranting appointment of counsel.

The motion for appointment of counsel is DENIED.  (ECF No. 10.)

### E.  Ms. Thomas-Barnett's Failure To Comply With The IFP Order And Her Lack Of Standing In The Case

The Court DISMISSES Ms. Thomas-Barnett as a party to the case for two reasons:

1.     The IFP Order warned Plaintiffs that if either Plaintiff failed to timely comply with the IFP Order, the Court would, without further notice, dismiss that Plaintiff as a party for

failure to prosecute, pursuant to Federal Rule of Civil Procedure 41(b).  (ECF No. 9 at PageID 37.)  Ms. Thomas-Barnett did not submit her proportionate share of the entire civil filing fee by the June 15, 2022 deadline set forth in the IFP Order.

2.      Neither the complaint, nor Mr. Barnett's and Ms. Thomas-Barnett's several filings in the case (ECF Nos. 5, 7, 8, 11, 14 & 15), demonstrate that Ms. Thomas-Barnett has standing to assert the claims in the complaint.  The complaint's factual allegations arise from alleged injuries to Mr. Barnett.  (ECF No. 1 at PageID 2-3.)  The Plaintiffs' filings do not allege facts demonstrating a deprivation of one or more of Ms. Thomas-Barnett's federal constitutional rights for purposes of standing to assert § 1983 claims.

One of the three elements of standing is that "the plaintiff must have suffered an injury in fact – an invasion of a legally protected interest which is (a) concrete and particularized, and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992) (internal quotation marks, footnote, and citations omitted).  "In requiring a particular injury, the Court meant that the injury must affect the plaintiff in a personal and individual way." *Arizona Christian Sch. Tuition Org. v. Winn*, 563 U.S. 125, 134 (2011) (internal quotation marks and citation omitted).  Unless a plaintiff suffered an actual injury, that plaintiff "was not the aggrieved party, [and] he lacks standing" to sue. *Percival v. McGinnis*, 24 F. App'x 243, 246 (6th Cir. 2001).

The complaint's allegations about Judge Anderson do not demonstrate actual injury to Ms. Thomas-Barnett.  Mr. Barnett's June 2, 2022 letter to the Court supports this conclusion. (*See* ECF No. 11 at PageID 41 (letter from Mr. Barnett contending that he, and not Ms. Thomas-Barnett, is "the victim" at issue in the case).)

For these reasons, Ms. Thomas-Barnett is DISMISSED as a party to the case based on (1) her failure to comply with the IFP Order; (2) her failure to prosecute, *see* Fed. R. Civ. P. 41(b); and (3) her lack of standing.  It is further ORDERED that Ms. Thomas-Barnett shall file no further pleadings in this action.  The Clerk of Court shall not accept for filing in this case any further pleadings from Ms. Thomas-Barnett until further order of this Court.  Any filings that Ms. Thomas-Barnett submits in the case after the date of this Order shall be DEEMED FILED ONLY FOR STATISTICAL PURPOSES.

III.    **CONCLUSION**

For the above reasons:

A.    The Court DENIES Mr. Barnett's motion for extension of time (ECF No. 12) and Mr. Barnett's motion for appointment of counsel (ECF No. 10);

B.    The Court GRANTS Mr. Barnett's motion to proceed *in forma pauperis* (ECF No. 13); and

C.    The Court DISMISSES the complaint (ECF No. 1) WITHOUT PREJUDICE for failure to state a claim to relief.  Leave to amend is GRANTED.  An amended pleading must comply with the Federal Rules of Civil Procedure, including but not limited to Rule 8's requirement of a short and plain statement of Mr. Barnett's claims.  An amended complaint supersedes the original complaint and must be complete in itself without reference to the prior pleadings.  Mr. Barnett must sign the amended complaint, and the text of the amended complaint must allege sufficient facts to support each claim without reference to any extraneous document. Any exhibits must be identified by number in the text of the amended complaint and must be attached to the complaint.  All claims alleged in an amended complaint must arise from the facts

alleged in the original complaint.  Each claim for relief must be stated in a separate count and must identify each Defendant sued on that count; and

D.      The Court DISMISSES Ms. Thomas-Barnett as a party to the case, based on Fed. R. Civ. P. 41(b), based on Ms. Thomas-Barnett's failure to comply with the IFP Order, her failure to prosecute, and her lack of standing.

IT IS SO ORDERED, this 16th day of September, 2022.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE