**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**EASTERN DIVISION**

| | |
|---|---|
| CEDRIC BARNETT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   Case No. 1:22-cv-01042-SHM-tmp |
| | ) |
| JUDGE J. BLAKE ANDERSON, | ) |
| | ) |
| Defendant. | ) |
| | ) |

**ORDER GRANTING MOTION TO RE-OPEN THE CASE (ECF NO. 21)**

Before the Court is *pro se* Plaintiff Cedric Barnett's motion to re-open the instant case and five other cases that Barnett initiated with the Court.  (ECF No. 21 (the "Motion") at PageID 82-83.)

## I.   PROCEDURAL HISTORY

On September 16, 2022, the Court granted leave to proceed *in forma pauperis*, dismissed Barnett's complaint under 42 U.S.C. § 1983 without prejudice for failure to state a claim to relief, and granted leave to amend.  (ECF No. 16 (the "Screening Order").)

Rather than amend, Barnett filed an application on November 9, 2022 "to dismiss any and all the civil su[its] I have filed."  (ECF No. 18 (the "Application To Dismiss") at PageID 76 (emphasis added).)  On November 16, 2022, the Court dismissed the case without prejudice pursuant to Fed. R. Civ. P. 41(a) and entered judgment.  (ECF Nos. 19 & 20.)

Eight (8) days after filing the Application To Dismiss, Barnett filed the Motion, seeking to "continue" Case Nos. 21-1123, 21-1172, 22-1042, 21-1119, 21-1171, and 22-1247.  (ECF No. 21 at PageID 82-83 (emphasis added).)  The Motion alleges that Barnett "made a mistake by sending

you all a letter to dismiss all my civil cases," but Barnett does not explain the nature of his alleged "mistake."  (*Id.* at PageID 82.)

## II.    <u>DISCUSSION</u>

Although *pro se* litigants are held to "less stringent standards" than parties represented by lawyers, *pro se* litigants are not exempt from the obligations required of all litigants.  *See Williams v. Curtin*, 631 F.3d 380, 383 (6th Cir. 2011); *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989).  Those obligations include the avoidance of "unnecessary burdens on the tax-supported courts and opposing parties," such as by vexatious and burdensome filing practices.  *See  Schafer v. City of Defiance Police Dep't,* 529 F.3d 731, 736 (6th Cir. 2008) (quoting *Knoll v. AT & T,* 176 F.3d 359, 363 (6th Cir. 1999) (brackets and internal quotation marks omitted)).

Barnett's "persistence in filing numerous lawsuits", his prolific correspondence to the Court in his many cases, and his motions seeking inconsistent relief "demonstrate a marked propensity to abuse the judicial system."  *See King v. Mays*, No. 11-2968, 2012 WL 1228191, at *7 (W.D. Tenn. Apr. 11, 2012) (internal citations omitted).  The Motion seeks to reverse the dismissal that the Application To Dismiss had expressly requested one (1) week prior.  Barnett has filed the Motion in each of his six (6) cases before the Court.  (*See* Case Nos. 21-1123, 21-1172, 22-1042, 21-1119, 21-1171, and 22-1247.)  Barnett's (1) failure to appreciate the consequences of his impromptu efforts to close and re-open his many lawsuits and (2) disregard of the Court's resources spent on Barnett's inconsistent filings are vexatious filing practices.  The Court has the obligation and the authority to prevent this type of abuse.

Solely because Barnett is proceeding *pro se*, the Court GRANTS the Motion (ECF No. 21) for the limited purpose of allowing Barnett to amend his § 1983 claims in Case No. 22-1042 within twenty-one (21) days of the date of this Order and in accordance with the conditions set forth in

2

the Screening Order.  (*See* ECF No. 16 at PageID 68 & 70-71.)  The Court grants Barnett one opportunity to amend his claims.  Failure to comply with this Order in a timely manner will result in the (1) (a) dismissal of this action with prejudice and (b) entry of judgment, without further notice, pursuant to Fed. R. Civ. P. 41(b), for failure to prosecute and for failure to comply with Orders of the Court; and (2) the Court's recommendation that such dismissal be treated as a strike pursuant to 28 U.S.C. § 1915(g).  *See Simons v. Washington*, 996 F.3d 350 (6th Cir. 2021).

IT IS SO ORDERED this 14th day of December, 2022.

/s/ *Samuel H. Mays, Jr.*
SAMUEL H. MAYS, JR.
UNITED STATES DISTRICT JUDGE